May it please the court, Jara Flowers is actually innocent of violating the Hobbs Act for two related reasons. First, she did not perform any official act, as that term is defined in McDonald. And second, she was not acting under color of official right, as that term is used both in the statute itself. How can she be actually innocent if she pled guilty? Your Honor, for a couple of reasons. First, is that especially under United States v. Class, it's made clear that a claim that your conduct, your undisputed facts of your conduct as alleged in the indictment, do not violate the statute, is not waived by a guilty plea. Now to be clear and to be candid up front, our trial lawyer made a mistake in this case, didn't recognize the motion to dismiss was preserving and did preserve a challenge to the fact to the claim that her conduct falls within the scope of the Hobbs Act. Now the specific argument we made in that motion and that we preserved in our conditional plea is that the Supreme Court should overturn the Evans case as Justice Breyer and Justice Thomas have suggested might be in the offing down the road. Now that broad claim, however, preserves under City of Yee v. Escondido, our ability to make in support of that broad claim, different arguments on appeal. And so the different argument that we are offering here in addition to the reverse Evans argument is the McDonnell argument. And so the Supreme Court's decision in class, I think, clarified some of the law on this matter and suggests, as both class and the 11th Circuit decision have said, that this type of statutory interpretation claim based on undisputed facts isn't inherently waived by a guilty plea. So and for one more point while we're talking about waiver before diving back into the merits, the government also invokes the appellate waiver here. And despite all the briefing on that issue as well, I think the bottom line is quite simple. And that is if we are right on the merits, then she is actually innocent. And this court held very clearly in the Adams case that an appellate waiver will not bar a valid claim of actual innocence. And so what that means is that even if we didn't quite preserve it in the conditional plea, and we think we did, but even if we didn't, the appellate waiver doesn't bar the claim under Adams. And so if we turn back to the merits of the case, the problem... But stay there a little bit. So you're saying her plea of guilt here and waiver is ineffectual here because of the evidence of innocence? Yes. Although the one caveat, I would say not the evidence. There's no dispute about evidence here. This is a straight question of statutory interpretation. The government, in its indictment, and then again in its factual basis, set forth a clear and undisputed set of facts. The question for this court is a pure question of law. Does that set of facts violate the Hobbs Act extortion under color of official right provision? So our view is that a guilty plea does not inherently waive that kind of claim, and for a couple of reasons. I think if you go back to the Supreme Court's decision in Bowsley, it says that when you plead guilty based on a set of facts that don't fall within the scope of the statute, that guilty plea is per se unintelligent. No one pleads guilty. That was a federal bribery statute. This is a Hobbs Act. Well, Bowsley was actually the 924C provision. The McDonald case is saying it did so in the context of a federal bribery statute. It did so in the context of this exact same statute, the Hobbs Act color of extortion under color of official right provision. So there were two He was a state official, not a federal official. This wasn't directly prosecuted under a federal bribery provision. He was prosecuted for wire fraud under the honest services fraud theory and for extortion, Hobbs Act extortion. And so when the Supreme Court in McDonald laid out this official act requirement, it did so by citation to Evans, which itself is, again, yet another Hobbs Act under color of official right. So you're saying that the official act under the federal bribery statute applies to Hobbs Act extortion? Yes, I am. And that is exactly what the Supreme Court, I believe, has said in McDonald itself. If you look at page... Read, if it's exactly, read to me exactly that the Supreme Court says an official act in a bribery statute is always to be applied to Hobbs Act extortion. So there are two things to point you to specifically, Judge Wynn. The first is, and I don't have a pin site for this one, but the first is in McDonald, the Supreme Court notes that the parties in that case agreed that this definition does, in fact, apply under the Hobbs Act. The government never contended to the contrary. And then if you look at page 2365, the government or the court lays out the official act requirement and it does so through a citation to Evans, which is, again, a Hobbs Act under color of official right. Well, the court seems to rely heavily on the fact that it's going to go this way because the party stipulated to. I'm sure they held it to be so. Well, I disagree with the idea that they suggested heavily it would be the contrary. And what I would ask the court is if this definition doesn't apply, despite Evans suggesting an official act requirement, despite McDonald citing Evans in this case, then what definition of official act does apply here? The government, in its brief, it kind of hedges and says, well, this definition might not even really apply here. It never points out, well, what definition does apply? If you're saying an official act doesn't mean what the Supreme Court has said it means in this series of cases, what does it mean? And so we think that the definition from McDonald has to apply here. The government has never argued to the contrary. So does your argument that this plea was not knowingly, intelligently made, is that hinging on your argument that the district court did not take into account McDonald? Yes, I believe that the answer is yes. Our view is that her plea was not intelligent because she failed to, and her lawyer failed to, the government's lawyer failed to, and the district court failed to understand the implications of the McDonald decision, which again came out while... Is there anything else in the record other than that, that would be the basis for saying it was not knowing and intelligent? No, our sole basis for saying it's unintelligent is that you don't plead guilty to something that falls outside the scope of the statute. That's, I think, what the Supreme Court said in Bowsley, and that's our contention here. Why was McDonald not raised in the district court? Again, I think that was just, it was an oversight, and I'll be candid about it, our trial lawyer dismissed it. Again, he had filed the motion to dismiss, preserving the Ocasio-Evans issue. It was pending when McDonald came out. It got denied, and I think he just didn't look at, okay, what are the implications of this? And they proceeded directly to a plea that preserved the broader issue, that was kind of the expected course, that had been negotiated, we're going to file this, we know it's going to be denied because we're just preserving an issue, didn't get the implications. And so, but if you look at those implications, I think they're really important because what we risk here is affirming a conviction for someone who is actually innocent under the terms of the statute. And so, Donald says, is that an official act means a formal exercise of governmental power. And the government cites that standard at page 17 of its brief, but it never... But that's sort of the crux of where we're going. You can go there, but I think we've got to accept, and I think it's by implication you're making it, you say it's direct, that this official act in regards to a Hobbs Act extortion. It does. And your honor, the government has not, you'll look in vain in their brief for a citation to a court of appeals that has suggested otherwise. I've taken a look at all of the, there are, as of this morning, 31 cases on Westlaw where circuit courts have cited McDonnell. Only 12 of them kind of really give any insight into the meaning of an official act, but none of them suggest that some other definition applies. Let's take a official act as the same definition, and it appears to me I think that's a strong argument. But formal argument, you know, for the governor, formal meant the formal duties of his excellency, the governor of the Commonwealth of Virginia. But someone who is a correctional officer, their formal official duties are what? Why isn't what she said, what she pled guilty to enough to say that's part of her formal official duties? Isn't the observation, the prevention, protection against contraband and those things a part of her formal duties? To see them, to prevent, to interdict, isn't that a part of her formal official duty as a correctional officer? I agree with that, Chief Judge Gregory. The problem is you can't equate something being part of someone's official duty with it being an official act under the McDonnell definition. Why is it not an official act? Because you got to be careful. McDonnell, he was an official, but official doesn't mean position. Official means what it means, that you are, means related to the office. The office is a correctional officer. For his, it was the formality of official. Official is not the official meaning like you got the top banana. It's whatever. You can be the official janitor. Do you agree with that? Well, I know. Do you agree that official acts can be done by a janitor who works in the capacity as, right? I agree. It's quite conceivable that a lower level employee such as a janitor or whatnot might in some circumstances be given authority to undertake an official act. But let me explain what I mean by what I think McDonnell means. It says a formal exercise of governmental power. To me, that means it has to be an exercise of governmental power. That means someone in the government has to be authorized to do it. Here, no one in the government is authorized to smuggle drugs covertly into a prison. It's strictly prohibited by state law. It's strictly prohibited by policy. And that links us up to the color of official right problem. If you go back to the Evans decision and you look at footnote 20, it says color of official right incorporates the common law distinction between public services and private services. What she was doing was not a public service. You cannot go to your public, you cannot ask for a public service to, hey, take these drugs into jail for me. There is no public servant that is authorized to provide that. So basically your argument is, if you're doing something illegally, it can never be an official act. Yeah, that's more or less our argument. If that's the case, then you've written yourself out and you can never be guilty of it. No, your honor, it goes to the colleague. If I'm guilty enough in fact, then I can never be guilty in law. What I'm saying is, and what I think McDonnell says, is that to constitute extortion under color of official right, you have to be bribing a government employee to take an action that is within their authority. If you are bribing them to take an action that they are fully barred from taking, you've done something wrong. But it's like the Collier case that Evans cites at footnote 20 that draws this distinction and goes back to the common law. There was the county prosecutor who gave advice, took a bribe to give advice, that was barred under his job. The court in Collier described that as inconsistent with official duty, said it might be a private fraud, it might be a moral wrong, but what it is not is extortion under color of official right. That term has a specific common law definition that the Supreme Court has recognized in Evans, and I think it is incorporated into what McDonnell means when it says a formal exercise of government power. But one important, the big distinction there in that case, the governor's accepting of those things was not illegal. Oh, I disagree with that. I think it very clearly ran afoul of Virginia's conflict of interest provisions. We cite those in the brief. I think the government could spin this same theory that they're advancing here to sustain the conviction for Governor McDonnell. They could have said, accepting these payments and these loans in exchange for these acts, even if they weren't quote official acts, nonetheless violates the conflict of interest provisions under state law. And if you look at those, we cite, I think it's 3103 in the brief, and that is a very broad provision that extends not just to official acts, but to any act, any accepting of a gift or a loan that creates an appearance that you might be gaining because of your position as governor. It is a very broad provision. His conduct almost certainly ran afoul of it. I've never seen a suggestion to the contrary. The government could say, well, he had an official duty to comply with that generally applicable policy, that generally applicable law. He violated that, and so it's an official act. The government's interpretation is boundless, almost as boundless as the one that the same policy concerns that drove the decision in McDonnell. That is avoiding vagueness in criminal law and respecting federalism. It puts the federal government in a position of micromanaging the state employee code of conducts if the government's position is taken to its logical conclusion. Our review of this case, is it plain error because you didn't object below? No, Your Honor. I mean, first, I think we went under plain error, but I don't think that's the right framework for two reasons. The first is that I think our conditional plea did preserve this broader claim that her conduct falls outside of the statute. And under City of Yee versus Escondido, we are authorized on appeal to make different arguments in support of that claim, and they're still reviewed de novo. The alternative reason I think de novo review is appropriate, is that when you're dealing with a claim of actual innocence as a matter of law, I think that's a sui generis kind of claim. It's just different from others and should always be reviewed de novo. And in support of that, I would point as persuasive authority to the First does exactly that. It's a guilty plea just like this one. On appeal, the lawyer wakes up and realizes the conduct doesn't actually fall within the scope of the statute. The First Circuit reviews it de novo and grants relief over a panel dissent on the statutory interpretation issue. So it's very clear that the difference in standard would matter there. Thank you. Mr. Enright. Thank you, Your Honor. May it please the Court, Anthony Enright for the United States. This Court should reject Flowers' argument that she does present for the first time on appeal because it's well outside the narrow exceptions to the appellate waiver that we negotiated, and it's meritless. The common law definition... So do we review it for plain error? Excuse me, Your Honor? Our review, is it plain error? Yeah, it's waived, Your Honor. She waived the right to litigate her guilt or innocence for the first time by pleading guilty. You can't say I'm guilty in the district court and litigate that issue for the first time in this court. And then come here because of a case that was decided a month before you went to trial and say I'm entitled to have it heard now. Right. She told the district court under oath, I've looked at the indictment. I've looked at the charge. I understand the indictment. I understand the charge. I understand the facts in the factual basis. I've discussed them with my attorney, and specifically she said, I've discussed any possible defenses with him, and I still wish to plead guilty. Now, if her attorney was constitutionally deficient, that's something she can raise in the future if she chooses to. She hasn't done that. But she's saying that the plea was not knowingly intelligently made because the district court didn't consider McDonald. And to that extent, it'd be a waiver, but if we reviewed it at all, it seems like we could review it for plain error. Absolutely, your honor. Looking at plain error, that's where I want to go now. You look at McDonald, which is sort of the crux of what's really making this case interesting, is this stipulation the parties made in McDonald that this federal bribery is under the Hobbs Act. And to the extent that that's controlling or even implying that, okay, now when you get a Hobbs Act extortion case, that's an official act. Yes, your honor. It's way too great a leap, and the parties agreed to. Not so far. The Supreme Court didn't refute it. I mean, you would have thought the Supreme Court would have said, no, we're not going to buy your little stipulation here, because that's not true. But I grant you, it looks like the media glossed over it and says, well, that's something you agreed to. We'll move on. Well, oftentimes the Supreme Court takes the parties at their word. And let me give you an example that I think is very- Not on issues of law. Well, your honor. If they say a factual determination, they want to stipulate good, but if they want to say, well, this is Hobbs Act extortion type is official act, and they don't say anything? Well, in McDonald, the jury had been instructed that an official act is as defined by the bribery statute. And so the parties were stuck with that. The court couldn't go back and say, oh, well, if a different definition applies, then maybe Mr. McDonald can still be guilty. They were stuck with that posture because of what they had agreed to in the district court. And I would like to point out the decision that the defendant did bring up in the district court, which is Ocasio. Ocasio, just a couple weeks before McDonald, upheld a theory of extortion that was a couple of Baltimore police who encountered accident victims, and they referred those accident victims to a particular auto body shop in exchange for kickbacks for the auto body shop. They affirmed those convictions. It came out of this court. And there was no formality. What you're saying is what most of us would be surprised with McDonald too, but we got McDonald. And so McDonald comes after Ocasio. And the question here is in considering what is an official act, we've got this United States Supreme Court case before parties have stipulated to it in terms of what they say nothing, and it just sits there on the book. That's true, Your Honor. It does in that posture. And I think the important question that it resolved was the scope of the bribery statute that was before that court. The court did address this question very specifically in the Evans decision that the defendant concedes is still good law. Evans adopted the common law version of extortion. And the common law version of extortion included a police officer looking the other way to crime, turning a blind eye to crime in exchange for money. There's multiple examples in the Evans decision cited of that. There's Pennsylvania versus Wilson, police captain took 50 bucks to allow a woman to open a brothel for a time. New Jersey versus Barts, a police officer took $1,000 to keep a girl out of jail in the words of that court. And that was the common law definition of extortion that the court adopted. And it took great pains to parse that common law definition. It cannot be that the Supreme Court without saying so swept aside the entire common law definition and said we're going to replace it with this detailed statutory framework. Without telling us that and within weeks of upholding a Hobbs Act extortion that didn't involve any degree of particular degree of formality at all. We said it in Harrison. We said knowingly extortion can be knowingly taking payments made in return for official acts. I'm sorry, Your Honor, I think I missed. Extortion, I mean, we looked at extortion in that case, the Harrison case, so I mean consideration of the common law definition. But we sort of imported part of that in the Harrison case. Your Honor, I think it is appropriate. The context in which these cases arise, where you see the bribery statute apply, is when you have the unique circumstance of a public official who is elected to office, takes campaign contributions, and interacts with constituents. That presents particular problems that were addressed by the Supreme Court in several decisions like McCormick versus United States and Son Diamond, where they said it really creates, we don't presume that Congress intended the Hobbs Act to totally rewrite the way American democracy works. And so we want to construe it to avoid absurd results when you're talking about campaign contributions or the possibility of campaign contributions. And in Son Diamond, they said that the bribery statute, by applying it according to its text, will avoid those absurd results. So when you're talking about a public official like a governor, it makes sense to channel the jury with something more specific like that. But to Judge Gregory's point, an official like a police officer, some of them testify in court, but if they're not appearing in front of an administrative agency or a hearing or a court proceeding, the defense interpretation would allow them to get away with whatever they want. They could say, hey, I see you got some drugs. I could let that go, or I could take them from you. Give me some money. And if they're not formally going before a proceeding, they'd have a defense. It seems like the analysis is that you have bribery. It says bribery and bribery, but Evans said that it also includes extortion, and they used the common law definition, as you cited, those cases of police officers. But at best, McDonald's sort of gave a different light to what the traditional bribery means in terms of what an official act is. But this is really not a case of bribery. It is extortion. Because she was saying, I want my money. That seems to be this case. So if this was a case solely in the traditional bribery, it seemed like McDonald's is very instructive. But that case didn't do away with all of Evans' view of common law extortion. I absolutely agree with that. And I would note, Your Honor, that if this court were to say, hey, you're compelled to pick a section of the charge, I probably wouldn't choose the one that they chose in McDonald's. I would perhaps choose a different section of the bribery statute, which prohibits receiving things of value in return for being induced to do or omit to do any act in violation of the official duty of such official or person. That said, I think there's a pretty good argument that it meets the formality requirement, even if you just look at the facts in the indictment here. The indictment alleges that there was an official administrative policy promulgated by the North Carolina Department of Corrections. And she took it upon herself to do the opposite. That's at the same level as an administrative policy. So it probably meets the requirements even if this court accepts the defendant's definition. But going back to Judge Wynn's point, even if- Which one? The plain error point, Your Honor. Even if there's no waiver here, which I really think there is, and even if there is an argument about what McDonald means for the extortion statute, and whether it has engrafted that statutory requirement onto what it previously said was a common law definition, it's not a plain error. It's debatable. It's not obvious. It's not clearly established by Supreme Court precedent or the precedent of this circuit. And that's dispositive, if nothing else is. What about the actual innocence claim? Is that subject to plain error review? Any claim is subject to plain error review, including the claim that your guilty plea is not knowing or voluntary. That actual innocence seems almost counterintuitive to say plain error review for actual innocence. If you have a situation where you have actual innocence and it's ordinarily going to meet the requirements of that. But what we have here is a question of whether we want to litigate actual innocence and do it for the first time in this court after bypassing the trial court, after a thorough proceeding designed with a lot of extra prophylactic rules designed to make sure that if you want to give up your opportunity to litigate your guilt and innocence, you're really sure about it. And it's something you really want to do, even though there may be some defenses you can raise. Your opportunity to raise them is a trial. Your opportunity to raise them is at the district court. And when you plead guilty, you're passing on the opportunity to raise those and saying instead, I don't want to litigate this. I want to take the benefits of acceptance of responsibility. And I'm not going to raise these. I realize I'm going to lose my right to an appeal. I'm going to lose my right to a trial. And that's okay. The defendant reserved those issues, as I understand it. He wanted to make an argument regarding Justice Thomas' dissent, which aptly they recognize there's nothing we can do with a dissent. Yes, sir. It's still good law. But why is that not sufficient to preserve issues from McDonald? Because he's reserving that. I mean, it's all kind of... Well, Your Honor, the rule, and these are the rules of criminal procedure, Rules 51 and 52. They require you to raise the specific issue that you seek to raise in this court, in the district court, to give the district court an opportunity to weigh in on. Now, my friend cites Yee v. Escondido. I believe that's a civil takings claim in the Supreme Court, talking about how you get something before a federal court at all from a state court. It didn't have anything to do with the federal rules of criminal procedure, which impose the plain error rule and impose the requirement that you make an objection and state the specific grounds on which you're making that objection to the district court. The district court, Judge Conrad never had any occasion to discuss McDonald. We never had an occasion to say, oh, if you need more facts, if you need us to say that in the factual basis that this is a formal exercise of power, we can maybe negotiate that. There was no opportunity to litigate this issue. There was no opportunity for the district court to consider it. And that's the essence of plain error. That's the essence of an unpreserved error that this court doesn't consider unless it meets all four requirements, which include, I think most obviously in this case, it has to be obvious and beyond dispute under binding precedent. And there's no precedent. There is nothing... In fact, the Supreme Court in McCormick said an extortion can be a quid pro quo for the performance or non-performance of an official act. If we were to, let's just say, entertain me for a little bit, we were to hold, contrary to what you argued, that this official act that they talk about at McDonald does indeed apply to Hobbs Act extortion. Does that amount to actual innocence? No, Your Honor. No, a statutory statute requires an agreement to perform a formal, an act amounting to, or make a decision or action on a question or matter that's a formal exercise of government power. And the analogy they exercise power has to be similar to an administrative determination or a committee hearing or a court hearing. Well, we have in this case evidence, or in the indictment to which she pleaded guilty, a statement that the policy that prohibited inmates from having drugs was an administrative policy, an official administrative policy of the North Carolina Department of Public Safety. And when she took it upon herself to create an exception to that administrative policy for specific inmates and to use her official position to do so, she exercised an official act with at least the degree of formality associated with creating the policy in the first place. So I don't think it's, I don't think that she's actually innocent under any interpretation of McDonald that this court might reasonably entertain. But certainly not under the common law interpretation of extortion that the court did hold in Evans. And certainly not in a way that's beyond, or she's certainly not actually innocent in a way that's beyond dispute that would survive plain error review, let alone her explicit waiver and admission that she was guilty. If this court has no further questions, I will yield the balance of my time back to the court. All right. Thank you, Mr. Enright. Thank you. Mr. Coppola, you have some time. All right, I'd like to address several sort of specific points. First on Judge Wynn, your question with respect to my friend suggested that it's limited to the civil context. That's not accurate under this court's precedent. If you look at the Robinson case, which we cited in the briefs, it's 744 F3rd 293. If you look at footnote 6, the court applies C.D.V. to a criminal case, says that where the defendant in that case had made an objection to his criminal history, but on appeal was offering a different argument in support of that same objection, but it was a different argument than what we're doing here, that C.D.V. applied and that was reviewed de novo. Second, my friend made a reference to her, to my client, receiving the benefits of acceptance of responsibility. I want to be very clear, that's a complete red herring. She did not receive any benefit from acceptance of responsibility. This type of claim, she was already preserving it, that she fell outside the terms of the statute, and even if we had went to trial solely to preserve this issue, commentary to the guidelines, section 3E1.1, commentary note 2, specifically says that acceptance of responsibility is appropriate in a case where you're admitting the facts and challenging whether the statute applies. So that's sort of a red herring the court should ignore. The third point, my friend suggested that if you follow the defendant's construction of the statute and take McDonnell seriously, which I urge the court you have to do, if you take it seriously, my friend says, police officers will be able to get away with everything. There will be state officials running rampant. That's nonsense. The whole point of McDonnell is that we don't want the federal government intruding in the province of the state and local governments to police their own people. Of course, this argument was available to trial counsel, as you've indicated, because McDonnell was decided a month before. Does the month before give you a basis for making your argument today that it was only a month before as opposed to it was two years ago, the Supreme Court, and there's a whole line of cases that say it, and then you go in and plead guilty? Does that change the scenario? I don't know that it does. I mean, it certainly, I think it makes our trial lawyers' mistake in this case more understandable. I don't know that I have a specific case law that I can point to that says, you know, if you miss something that's only a month old, that's okay. If you miss something that's 20 years old, that's okay. In the old days, it was understandable, but not these days where when a case comes down for the Supreme Court, you're sitting over there, you probably see something pop up and say it right now. So you're talking about a month, and this case is rarely before, and you argue this case. I want to know the significance of that. We got the McDonnell case, but answer this one first, because I want to see if this is where you're going with it. If we did agree that an official act in McDonnell also applies to a Hobbs Act extortion, does that necessarily mean your client is actually innocent? Absolutely. That's our argument, is that there is just no way that the government can satisfy the formal exercise of governmental power requirement. I can't, it's hard for me, the formality requirement in McDonnell has to mean something. What the court said there is, I have trouble imagining something less formal than covertly smuggling contraband into a prison under color of darkness where nobody knows you're doing it. That's the antithesis of formal. Think about what McDonnell says isn't formal enough. The governor hosted a luncheon event at the governor's mansion to promote a NADA block. That seems formal to me. You're inviting people in, they're probably wearing their nice clothes and they're having a nice meal, and every speaker is talking about a NADA block. But your argument here is that your client comes in after this case is already up there for a month, makes a plea, comes in and agrees to do it. And your question is now, well that's not knowing and voluntarily done because the court didn't take in consideration McDonnell. But is it the court that has to do it or is it the client? In other words, well maybe the question needs to be asked. Can a person who is actually innocent make a knowing and voluntary waiver if the information that indicates they are voluntarily innocent is available and right in front of them? So I think the big problem is it wasn't right in front of my client. She didn't know. Was she represented? She was. And so I think what you're getting at, Judge Winn, is maybe the government's right that there is an ineffective assistance of counsel claim here based on our trial lawyer's statement. Maybe. But our point, yes, and I'm not here to dispute that. And as my friend suggested, that may be dealt with down the road. I do not think, however, that an actual innocence claim of this nature has to be viewed through the prism of ineffective assistance of counsel. I think, like I said before, but typically actual innocence, at least in the death penalty cases, arises when the evidence shows factually it did not happen. I mean, the DNA shows this person was not the one. That's actual innocence. There's no doubt about it. But you're getting this business about law. Was it an official act or not an official act? I'm not sure that's actual innocence. That's something that could lead to a determination that reasonable people can maybe decide whether he's innocent or not. That's, you use this term actual innocence, but it doesn't apply here. Where has it been used like that is what I want to know. Judge Wynn, it's been used by this very court in the Adams case, which described is exactly the same thing here. It's not a whodunit. It was not a DNA exoneration in Adams. It was a question of whether his conduct felt in the terms of the statute based on the change in the law. That change was Simmons. This change is McDonnell. And that's true, except to the extent in this case, there's an initial question is, was this official act the same as it was in the McDonnell case? So you got a legal determination you got to make. If the government was stipulating it from the other side, I could see the actual innocence because it's clear. The court doesn't have to make any factual determination. You just look and make a determination. Again, there is no factual determination here. There is a question of law. How does the law apply to these facts? You have an undisputed set of facts. Do they violate the statute or do they not? If the answer is yes, she's guilty. If the answer is no, she's actually innocent of committing this offense. And so we urge the court to treat that claim just like it treats other claims of actual innocence, just like it did in Adams, to review it on the merits and to reverse their conviction. So again, twice you have said that McDonnell was all about protecting federalism. Yes. But it had to be more than that. You're saying it's defining what the element is on offense. That's still on the book, correct? Well, the Hobbs Act, yes. We certainly know the Hobbs Act doesn't exist solely for a scenario that's just like the governor's case in Virginia, right? That's right. And if you look at the 12 cases that have touched on kind of the meaning of official accidents, then they're very clear. They satisfy this definition. They're agency determinations, contract awards, skewing audit results, awarding. But that's not an exclusive list. You agree? It's not exclusive, but it has to mean something. The court could have just left it at an exercise of governmental power full stop. It added formal and it added similar to an agency determination or judicial decision. Those limitations have to be taken seriously. And on the federalism point, I would point the court to page 2373 in McDonnell where it says, we are not going to construe this statute in a manner that leaves its outer boundaries ambiguous and that involves the federal government in setting standards of good government for local and state officials. These are inherently state and local issues. If North Carolina has a problem with its prisons, which Judge Wynn, I'm sure you know it does. It's up to the state government to fix that problem. Well, that's a policy argument you're making now. And that's exactly what McDonnell relied on in construing the statute narrowly and in setting out this definition. So I think this definition has to be viewed in light of those policy concerns. Yeah, but if you view it the way you're saying, unless you're an elected official or somebody who's at the top level, that's the only way you can be found guilty of it. That's not, that's not. No, I disagree with that. An official at any level of government could be given authority to take certain actions. The problem with the government's theory here is they're suggesting she's making some exception to this generally applicable policy. Problem is she had no authority to make any exception to this policy. It was a generally applicable policy that absolutely in all circumstances barred the entry of contraband into the prison system. She had no authority. No one in the government had authority. And when you're asking someone to do an act that is fully outside of their authority, you're asking, you're bribing them to perform a private service that falls outside of the Hobbs Act under Evans because it doesn't satisfy the color of official right. She couldn't have accomplished this if she was just a private citizen. But that doesn't matter. Just because you have the ability to do something that violates the law doesn't mean that it's an official act. Governor McDonnell couldn't have hosted a luncheon at the governor's mansion if he wasn't the governor. No one else had the ability to do that. But that doesn't make it an official act under McDonnell's more limited definition. And what did it require to make it an official act under McDonnell's case? What was short of in that governor's case that was missing link? Anything formal, any actual exercise of governmental power. They said that everything that he did was short of the level of formality required because he wasn't actually making a decision, actually awarding a contract. He didn't even direct in the Supreme Court's view. He didn't direct state officials to award the contracts. He just suggested that they take a meeting with him. In the Supreme Court's view, that wasn't formal enough. And so again, we have to interpret formal exercises of governmental power in light of what the Supreme Court says wasn't enough in McDonnell because he did a lot. He did a lot in that case. But it wasn't enough for the Supreme Court. We have to take that definition seriously in this court. But none of his acts alone were illegal. I submit that... No, no. Hosting a dinner is not illegal. Hosting a dinner is not. But the other things that he did were... And I think that's the whole point, though, of the extortion under color of official right. The act, the official act should not be an illegal act. What's illegal is the taking of the bribe in exchange for the performance of that act. So it's a quid, a pro, and a quo. The quo is an official act. And the quo has to be something that is authorized, that is legal. The state official has to be authorized to do it. So nothing illegal about a prison guard taking drugs into a prison. Sorry, Judge Wendt. Nothing illegal was done here? So my point is that the quo has to be legal. But was there anything illegal? Absolutely. So your contention is she just wasn't charged with the right? Exactly. I mean, there is a state law directly on point in this. And it's cited in our brief. I think it may have been cited in the indictment on the factual basis. I know they cited the policy. But there's a state law directly on point here. The state, again, this is the whole federalist concern. Leave it to the state to figure out how to do this. In the vast majority of cases, the state has chosen not to prosecute. I mean, Charlotte Observer has run articles on this. There have been many... I assume she still could be prosecuted under state law, though, but can't. Quite possibly. I don't know exactly what statute of limitations would be on this kind of offense. I also don't know if they think they can actually prove the case against her if they know exactly what she took in was whether it qualified as a controlled substance. I assume it did. And I assume they have the evidence somewhere to prove it. We've certainly stipulated to it for these purposes. But this should be left to the state to prosecute these things. And that very much harkens back to the policy concerns in McDonald. Is your argument that McDonald overturned Evans? No, but it certainly narrowed it. And I think what it does is Evans was decided 25 years ago. And in the intervening time, the government kept advancing, kept expanding this boundless, what the Supreme Court decided was a boundless interpretation of it. And by and large, the circuit courts, including this one, agreed with that interpretation. McDonald narrowed it, and it points to us to take more seriously what Evans says. And that's what the footnote 20 restriction is about. It seemed like what it did, it reined it in when it comes to officials, state officials, in terms of what their official act are versus what they're doing. But it's a question whether or not it reined it in for everyone. It seems to me you're suggesting that because it dealt with the top official and reined in that aspect, it's everybody. Well, I think the law suggests that it should be blind. Everybody should be treated the same, whether you're at the high level or the low level. The requirement under the law should be the same. And I would point you, Judge Gregory, to Chief Judge Gregory, to page 270 of Evans, going back to Evans, which says, quote, the services for which the fee is paid must be official. Taking drugs into a prison is not official. It's illegal. It's beyond her authority. So if you take seriously now what Evans says, read it in light of McDonald, the services for which the fee is paid must be official. We submit she, her conduct fails that requirement. And so we ask the court to reverse her conviction. All right. Thank you so much. We will ask the clerk to adjourn the court. Sine die. They will come down and greet counsel. This honorable court stands adjourned. Sine die. God save the United States and this honorable court.
judges: Roger L. Gregory, James A Wynn, Jr., Stephanie D. Thacker